### IMMUNITY AGAINST CIVIL ACTIONS.

Common Pleas Court of Franklin County.

WESLEY C. BATES v. SAMUEL L. BLACK ET AL.

Decided, February 20, 1915.

*Conspiracy—Not Ground for a Private Suit, Unless—Damages Suffered Must First be Shown—Immunity in Performance of Judicial Duties—Void Judgments Distinguished from Those Which at Most are Only Erroneous—Sham Pleading.*

1. Under the rule a civil action does not lie against alleged conspirators unless something is shown to have been done, independent of the conspiracy, which resulted in damages to the plaintiff, a suit can not be maintained against a group of judges, jurors and other judicial officers because of humiliation and injury resulting from an alleged illegal prosecution and commitment to jail for contempt; nor for prosecution for criminal libel, resulting in conviction and judgment in a court having full jurisdiction, which judgment is still in force; nor on other charges growing out of such contempt and criminal libel proceedings.

2. Moreover, judges of courts of general authority are invested with immunity from private suits directed against them individually because of judicial acts performed, and this is true regardless of alleged improper motives in the performance of such acts.

3. A motion to strike from the files a petition directed against judges, jurors and others, based on such causes of action, may be granted under the inherent power of the court.

CURTAIN, J.

This cause is now submitted upon the motion of defendants, Samuel L. Black, M. R. Patterson, Franklin Rubrecht and Horace S. Kerr to strike the petition in this case from the files "for the reason that it states no cause of action, shows that no cause of action exists in favor of plaintiff against the defendants, and that the filing thereof was a pretext to scandalize courts and officers and for other ulterior purposes."

Thirty-two persons are made defendants to this action, among them being the six judges of the court of common pleas of Franklin county, the probate judge of said county, the police judge of the city of Columbus, twelve persons who served as jurors in said police court and three justices of the peace. The plaintiff in substance alleges that his cause of action "is founded upon a series of illegal and unlawful acts committed by defendants, from time to time, by several or all of defendants conspiring together, aiding and acting together, or several of said defendants acting in less numbers, but under a common understanding and for a common purpose to accomplish an unlawful and illegal and malicious prosecution of plaintiff."

"The general rule is, that a conspiracy can not be made the subject of a civil action unless something is done which, without the conspiracy, would give a right of action. The damage is the gist of the action, not the conspiracy." Cooley on Torts, 2nd ed., 143.

"As it is the wrong accomplished—in other words the deprivation of some right—that must support the action, it follows that if what the plaintiff has been deprived of was not a right at all but an advantage merely hoped for, he can not maintain his suit." Cooley on Torts, 144. See also 2 Bates Pleading 1231 and 8 Cyc., 645.

The question presented, therefore is, what wrong does the petition show the plaintiff has suffered, or what right has he been deprived of that would entitle him to maintain an action, independent of the alleged conspiracy against one or more of the defendants named in the petition?

The first alleged wrongful act is in substance that Samuel L. Black, who the petition shows, was the judge of the probate and

juvenile courts of Franklin county, Ohio, did on the 6th day of February, 1914, unlawfully instigate certain contempt proceedings against said plaintiff, and by false statements of facts, supported by a fraudulent and false certificate or mittimus commit said plaintiff to the Franklin county jail under an illegal sentence to the humiliation, injury and damage of said plaintiff.

It appears from the petition that the plaintiff commenced habeas corpus proceedings in the court of common pleas of said county, presumably for the purpose of being released from his commitment for said alleged contempt, and that the same was heard by Thomas M. Bigger, one of the judges of said court, but the petition fails to state what disposition was made of the habeas corpus proceedings. There is no averment, however, that the plaintiff was discharged, or that the sentence of the probate court has ever been vacated or reversed.

The averments of the petition in respect to the contempt proceeding, appears to be more in the nature of a charge of false imprisonment than one of malicious prosecution. The gravaman of this charge is the unlawfulness of the imprisonment. The petition failing to show that the sentence of the probate court has been vacated or reserved, it is conclusively presumed that the plaintiff was lawfully sentenced and imprisoned.

If the language of the petition in reference to the contempt proceeding be construed as stating a cause of action for a malicious prosecution, the same result must follow for the reason that the judgment, so long as it remains in force, will be conclusively presumed to have been rendered upon probable cause therefor.

The plaintiff's theory, as disclosed by his brief, is that the contempt proceedings had against him were void and not merely erroneous or irregular.

Is this theory supported by the averments of the petition when they are alone looked to?

We find it stated in the petition, in substance, that Samuel L. Black, was probate judge of Franklin county; that Samuel L. Black "did on the 6th day of February, 1914, unlawfully instigate certain contempt proceedings against said plaintiff and by false statements of facts, supported by fraudulent and false cer

tificate or mittimus commit said plaintiff to the Franklin county
jail under an illegal sentence.''

It is apparent that the plaintiff inadvertently used the word
''instigate'' in the place of the word ''institute'' and that it was
his intention to charge Black with instituting said contempt
proceedings. The power is conferred by statute upon courts,
and under certain circumstances the judges thereof to punish for
contempt, and the statute prescribes the procedure therefor.
General Code, Section 12136, et seq.

It has been held by our supreme court that:

''The power to hear and determine a cause depends upon jur-
isdiction; and it is *coram judice* whenever a case is presented,
which brings this power into action.''

''But before this power can be affirmed to exist, it must be
made to appear that the law has given the tribunal capacity to
entertain the complaint against the person or thing sought to
be charged or affected; that such complaint has actually been
preferred; and that such person or thing has been properly
brought before the tribunal to answer the charge therein con-
tained.''

''When these appear, the jurisdiction has attached; the right
to hear and determine is perfect; and the decision of every ques-
tion thereafter arising is but the exercise of the jurisdiction
thus conferred, and whether determined rightfully or wrongful-
ly, correctfully or erroneously, is alike immaterial to the validity
force and effect of the final judgment when brought collaterally
in question.'' *Sheldon* v. *Newton*, 3 O. S., 494.

In this case the statute gave the tribunal capacity to entertain
the complaint against the plaintiff for contempt. The petition
shows that the complaint was actually preferred and the plain-
tiff brought before the court or judge to answer thereto.

Under these circumstances, according to the authorities cited,
jurisdiction attached and became perfect. The proceeding was
not, therefore, void as claimed by the plaintiff.

If he desired to avoid the effect of the judgment against him,
the Statute Section 12146, gave him the right to prosecute error,
but he had no right to attack the judgment collaterally, as he
has attempted to do in this action.

It further appears from the petition that Samuel L. Black

filed in the police court of the city of. Columbus, Ohio, an affi-
davit in which he charged the plaintiff with the crime of crim-
inal libel; that the plaintiff was tried thereon in said court before
defendant, Samuel G. Osborn, the judge thereof and a jury;
that he was convicted and that said judgment is still in force.
There can be no question but what the court had jurisdiction
of the subject matter of this case, under the law, and the other
facts necessary, to confer complete jurisdiction, are shown by
the petition. This proceeding was not therefore void as claimed.
Proceedings in error are now pending in the court of appeals
of Franklin county to reverse the judgment rendered against
the plaintiff, and so long as that judgment remains in force no
action can be prosecuted against any person upon the ground
that the same was a malicious prosecution, the presumption
being that there was probable cause for the action and the judg-
ment rendered therein.

In the case of *Dunlap* v. *Glidden et al* (31 Maine, 435) 52 Am.
Dec., 625, the court in its opinion said:

"This cause of action in these suits is the same, but the same
defendants are not all joined in each of them. The declarations
allege in substance, that Benjamin Glidden commenced an action
against the plaintiff to recover several parcels of real estate, that
a verdict was rendered in that action in favor of Glidden and
judgment was entered on the verdict; that all of the defendants
fraudulently conspired together to defeat the plaintiff's title,
and to aid Glidden in his suit and that by the false testimony
of two of the defendants and others, the verdict was obtained
against the plaintiff.

"These actions are brought to recover damages arising from
the judgment obtained by Glidden against the plaintiff and if
they should be sustained, the record would present the anomaly
of a judgment remaining in full force and of another, in which
damages were rendered, on account of the existence of the former
one. But the judgments against the plaintiff, so long as it re-
mains in force, must be considered as true and just. He can not
be permitted to aver the falsity of that judgmnet, as the ground
for the recovery of damages. It constitutes in itself a clear and
unequivocal denial of his allegations. He says, that by the fraud
and conspiracy of the defendants, he has lost the land, but the
judgment imports that it was properly rendered in the ordinary
course of judicial proceedings."

And on page 627 of the opinion it is said:

"If the judgment was obtained, as is contended, by fraud and perjury, the plaintiff has ample remedy by law. The court which rendered the judgment, upon proof of these allegations, would be bound to grant a new trial, so that, upon a further investigation justice might be done."

My conclusion is as to the two charges considered that neither of them state a cause of action against any person named as defendant, whether considerd separately or together and in connection with all the other averments of the petition.

These two charges appear to be the foundation for all the other charges contained in the petition. That is, all the other charges are either introductory to or grow out of one or both of said charges.

For instance the charge in respect to the insufficiency of the affidavit upon which the criminal libel case was founded; the manner in which the jury in that case was made up; the alleged misconduct of the jury; the refusal of the court to admit certain testimony tendered by the plaintiff; the procuring and giving false testimony, are all matters arising out of the trial of the criminal libel case and if the proper foundation had been laid therefor, could have been assigned as error. The plaintiff has attached to his brief a copy of the petition in error filed by him in the criminal libel case in the court of appeals, and I find that most if not all of these matters have been covered by the assignment of errors in that case, which is still pending in that court.

The petition contains averments as to the refusal of Judge Bigger to cite Daisy D. Perkins for contempt. The arrest of Edward Grunden; the alleged perjury of E. Ray Hummel in the Grunden case; the action of Judge Rogers in permitting Hummel to testify; the alleged perjury of John B. Whitehawk; the alleged attempt of Rev. Harry E. Robinson to procure Maude Wade to commit perjury; of the refusal of three justices of the peace to issue warrants against certain parties for perjury. These allegations fail to show that the plaintiff was thereby deprived of any right, but that if he was deprived of any thing

it was only a hoped for advantage, and that Judge Cooley says furnishes no ground upon which to maintain an action.  Cooley on Torts, page 144.

There is an averment in respect to the larceny of a portion of a so called bill of exceptions prepared by Daisy D. Perkins in the libel case.  No cause of action can be predicted upon that ground so long as the libel case remains undipcsed of.  The six judges of the court of common pleas of Franklin county, the probate judge of said county and the police judge of the city of Columbus are made parties to this action.  The petition seeks to connect all of these judges with all of the transactions alleged in the petition upon which any cause of action could possibly be uals and the plaintiff disclaims any intention to sue them in their official capacity.  In some instances the official capacity of these parties clearly appears from the averments of the petition.  That is notably so in respect to the probate and police judges.  The court will take judicial notice of the fact that Edmund B. Dillon, Thomas M. Bigger, Charles M. Rogers, Edgar B. Kinkead, Frank Rathmell and Marcus G. Evans, named as defendants to this action are the judges of the court of common pleas of Franklin county, Ohio.

The acts charged against all of these judges is the wrongful performance of official duties imposed upon them by law, or the wrongful refusal to perform such duties, or the refusal to perform acts which the plaintiff claims it was their official duty to perform.

The plaintiff's claim, if I understand it, is that the act charged against defendants, Samuel L. Black, Samuel G. Osborn, Edmund B. Dillon, Thomas M. Bigger, Charlse M. Rogers, Edgar B. Kinkead, Frank Rathmell and Marcus G. Evans, where void as judicial acts and that, therefore said defendants, in performing said acts, were not acting in a judicial capacity but as individuals.

The plaintiff seems to have overlooked the distinction between void and erroneous judgments.  The only reported case that I find in Ohio is that of *Nienaber* v. *Tarvin, J.*, 7 N.P., 110, decided by the court of common pleas of Hamilton county, where the case of *Bradley* v. *Fisher supra* was followed.

I will say also of the case of *Truesdale* v. *Combs*, 33d Ohio State, that while that question is not decided, yet the principle is in that case recognized.

In the case of *Wyatt* v. *Arnot*, 94 Pac., 86, many of the authorities upon this subject are collected and commented upon. In that case the court held that:

"A judge who, because of malice or corruption, renders an erroneous decision, or fails to render a decision within a reasonable time, is liable to impeachment, but in neither case can he be required to answer to a private individual in an action for damages."

There is another principal which he has overlooked and which will dispose of every charge made in the petition against the eight judges and twelve jurors, and that is that:

"Judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley* v. *Fisher*, 80 U. S., 646, *Nienaber* v. *Tarvin, J.*, 7 N.P., 110; Cooley on Torts, 474 *et seq;* 23 Cyc., 568 and cases cited.

The opinion in the case of *Bradley* v. *Fisher, supra,* was delivered by Justice Field and the reasoning therein is clear and convincing. The whole opinion should be read. I quote therefrom as follows:

"The principle, therefore, which excepts judges of courts of superior or general authority from liability in a civil action for acts done by them in the exercise of their judicial function obtains in all countries where there is any well ordered system of jurisprudence. It has been the settled doctrine of the English courts for many centuries, and has never been denied that we are aware of in the courts of this country."

It has, as Chancellor Kent observes, "a deep root in the common law." *Yates* v. *Lansing*, 5 Johns., 291.

"Nor can this exemption of the judges from civil liabilities be affected by the motives with which their judicial acts are performed. The purity of their motives can not in this way be the subject of judicial inquiry.* * *

"In this country the judges of the superior courts of record are only responsible to the people, or the authorities constituted by the people, from whom they receive their commission, for the manner in which they discharge the great trusts of their office If in the exercise of the powers with which they are clothed as ministers of justice, they act with partiality, or maliciously, or corruptly, or arbitrarily or oppressively, they may be called to an account by impeachment and suspended or removed from office.     *    *  ·  *

"The exemption of judges of the superior courts of record from liability to civil suit for their judicial acts, existing when there is jurisdiction of the subject matter, though irregular and error attended the exercise of the jurisdiction, can not be affected by any consideration of the motive with which the acts are done.  The allegation of malicious or corrupt motives could always be made, and if the motive could be inquired into, judges would be subjected to the same vexatious litigation upon such allegation, whether the motive had or had not any real existence. Against the consequences of their erroneous or irregular action, from whatever motive proceeding, the law has provided for private parties numerous remedies, and to those remedies they must in such cases resort.  But for malice or corruption in their action while exercising their judicial function within the general scope of their jurisdiction, the judges of these courts can only be reached by public prosecution in the form of impeachment or in such other form as may be specially prescribed."

Judge Cooley in his work on Torts, page 477, says:

"Whenever, therefore, the state confers judicial powers upon an individual it confers them with full immunity from private suits.  In effect the state says to the officer that those duties are confided to his judgment; that he is to exercise his judgment fully, freely and without favor, and he may exercise it without fear; that the duties concern individuals, but they concern more especially the welfare of the state and the peace and happiness of society; that if he shall fail in the faithful discharge of them he shall be called to account as a criminal; but that in order that he may not be annoyed, disturbed, and impeded in the performance of these high functions, a dissatisfied individual shall not be suffered to call in question his official action in a suit for damages.  This is what the state, speaking by the mouth of the common law says to the judicial officer."

"And on page 479 he says that this immunity 'extends also to grand and petit jurors in the discharge of their duties as such.'"

I regard the principles thus announced as being established, by the weight of authority in this country, and as stating a principle of law which should be applied to the facts of this case.

I have shown that as to certain charges against some of the judges named as defendants, that they had jurisdiction as to both the subject matter and the person of the plaintiff. As to all of the other charges made against them they had, at least jurisdiction of the subject matter, unless it be the charge made against the six judges of the court of common pleas refusing to consider the petition of the plaintiff to remove Samuel L. Black as judge of the probate and juvenile courts. And as to that. it is apparent that said petition was presented to said judges in their official capacity, and in argument it was urged that they had jurisdiction in that matter, so that so far as the question not being considered is concerned, it is the same as if they had jurisdistion.

The eight judges and twelve jurors are, therefore, under the rules of law stated exempt from being sued in a civil action, upon any of the grounds alleged against them in the petition.

How does the case stand? Twenty of the persons named as defendants are absolutely exempt from being sued in this action upon any of the grounds alleged in the petition. The averments contained in the petition in reference to the contempt proceedings and the criminal libel case, which are the foundation of the plaintiff's action, state no cause of action against any of the defendants named in the petition. There are only twelve defendants named in the petition who are not exempt from being sued in this action, viz: Emmett Thompkins, Horace S. Kerr, Daisy D. Perkins, Franklin Rubrecht, M. B. Patterson, Eugene Morgan, Rev. Harry C. Robinson, E. Ray Hummel, John B. Whitehawk, Harry Z. Bostwick, Thomas H. Hennessey and E. W. McCormick. The charges contained in the petition against the first nine of these parties grow out of the criminal libel case, and might be pertinent if included in a motion for a new trial of that case, but by themselves, singly or collectively, they state no cause of action against any of said parties, and it is evident that the pleader did not intend that they should, but that his intention in making the same was to connect said parties with the

contempt proceeding and criminal libel case, which he considered the basis of his action and the source of all of his damage. As to the other three defendants who are justices of the peace, it does not very clearly appear from the petition what the purpose of plaintiff was in joining them as defendants to the petition, but it is quite certain from the provisions of Section 13496 of the General Code that the issuing of a warrant by justice of the peace is a discretionary matter and that he can not be sued in a civil action for refusing to do so. See also as bearing on this question the case of *Truesdall* v. *Combs,* 33 O. S., 186.

In view of all of the foregoing reasons, I am of the opinion that the petition does not state a cause of action against any of the defendants therein, and that under the circumstances, and the law, that said petition can not be so amended as to state a valid cause of action against any of said defendants.

The question therefore arises as to what disposition should be made of the motion to strike the petition from the files. A motion of that character seems to be recognized by Section 11375, General Code, and the Supreme Court in the case of *White* v. *Calhoun et al,* 83 O. S., 401, held it to be the proper practice in respect to a sham answer saying it "is a power existing at common law, and is one of the powers inherent in the court to be exercised in the due and speedy administration of justice." If it is applicable to a sham answer, I can see no reason why it is not applicable to a petition of the character of the one now under consideration.

The fact that some of the defendants have filed demurrers, and others answers, can not make any difference in the disposition of this motion.

The motion will be sustained and the petition stricken from the files. The motion does not cover the supplemental petition but the court will on its own motion order it to be stricken from from the files. An exception may be noted by the plaintiff.